UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                      02 CR 0778 (SJ)

   - against -

                                                                          **MEMORANDUM &**
                                                                              **ORDER**

RICHARD JAMES and RONALD MALLAY,

                        Defendants.
-------------------------------------------------------------X
A P P E A R A N C E S:

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney, E.D.N.Y.
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
By:    Robert Capers, Esq.
         James McGovern, Esq.
         Lawrence Ferazani, Esq.
Attorneys for the United States

EPHRAIM SAVITT, ESQ.
260 Madison Avenue, Suite 2200
New York, NY 10016
Attorney for Defendant Richard James

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
By:    Steve Zissou, Esq.
Attorney for Defendant Richard James

1

KAPLAN & KATZBERG
767 Third Ave, 26th Floor
New York, NY 10017
By: Kenneth J. Kaplan, Esq.
Attorney for Defendant Ronald Mallay

LAW OFFICES OF RICHARD JASPER
276 Fifth Avenue, Suite 501
New York, NY 10001
By: Richard Jasper, Esq.
Attorney for Defendant Ronald Mallay

JOHNSON, Senior District Judge:

Defendants Ronald Mallay and Richard James (collectively "Defendants") have issued subpoenas to Robert Gottlieb, Esq. and Charles Ross, Esq., counsel for Baskanand Motillal and Betty Peter, respectively. Defendants seek (1) any and all notes or documents concerning proffers or meetings between Motillal and Peter and the United States Attorney, (2) any and all correspondence or notes between Messrs. Gottlieb and Ross and the United States Attorney regarding Motillal's and Peter's cooperation, and (3) any and all correspondence or notes between Messrs. Gottlieb and Ross and any third parties. By letter dated April 25, 2007, Messrs. Gottlieb and Mr. Ross moved to quash the subpoena. For the following reasons, the motion to quash the subpoena is granted.

**A.     The documents requested are attorney work product**

Under Federal Rule of Civil Procedure 26(b)(3), "documents and tangible things ... prepared in anticipation of litigation" are shielded from discovery. <u>See</u>

Fed.R.Civ.P. 26(b)(3). It "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir.1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)). "The doctrine protects a lawyer's ability to prepare his client's case, protects against the disclosure of the attorney's mental impressions, conclusions, strategies, or theories, and also avoids the unfairness that would occur if one party were allowed to appropriate the work of another." United States v. Jacques Dessange, Inc., No. 99 Cr. 1182 (DLC), 2000 WL 310345, *3 (S.D.N.Y. March 27, 2000) (quoting Adlman, 134 F.3d at 1197). The doctrine extends to notes, memoranda, witness interviews, and other materials, whether they are created by an attorney or by an agent for the attorney. See United States v. Nobles, 422 U.S. 225, 238-39 (1975).

The Supreme Court and this Circuit have annunciated a "strong public policy" towards maintaining the privacy of an attorney's work product, finding that

> it is essential that a lawyer work with a certain degree of privacy.... [I]f discovery of [attorney work product] were permitted much of what is now put down in writing would remain unwritten.... And the interests of the clients and the cause of justice would be poorly served.

Upjohn Co. v. United States, 449 U.S. 383, 397-98 (1981) (internal quotation omitted). This principle is further heightened when considering documents created by a criminal defense lawyer. See In re Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2d Cir.1992). (finding that in "a criminal case, except for scientific or

medical reports [discoverable under Fed.R.Crim.P. 16(b)(2)], documents made by a defendant's attorneys ... in connection with the case are not discoverable.")

Our sister jurisdiction, the Southern District of New York, has twice considered the issue currently before this Court, and in both cases, courts have found that a criminal defense lawyer's notes during his or her client's proffer session with the government are protected from discovery by the attorney work product privilege. See United States v. Arias, 373 F. Supp. 2d 311, 313 (S.D.N.Y.2005); Dessange, 2000 WL 310345 at *3. As the court stated in Arias:

> There is no question that notes taken by a criminal defense attorney during meetings between his client and the Government are taken in anticipation of litigation. That is clearly the case for any proffer sessions that precede resolution of the client's case, but *it is also true of notes taken at subsequent proffer sessions after the client has entered a cooperation agreement*. A competent defense lawyer will take notes during such sessions in anticipation of issues that may arise at sentence, and to safeguard against the possibility that misunderstandings during the debriefings could result in revocation of the cooperation agreement and further prosecution of the client.

Arias, 373 F. Supp. 2d at 313 (emphasis added). Indeed, despite Motillal's and Peter's cooperation with the government, they are still both in the midst of litigation. They have yet to testify, they have yet to fulfill their obligations under the cooperation agreement, and they have yet to be sentenced. Messrs. Gottlieb and Ross would not have written these notes or generated any correspondence with the

United States Attorney's Office but for the prospect of future litigation. Accordingly, the documents that are identified in Defendants' subpoena are properly considered attorney work product.

**B.     Defendants have failed to show a substantial need for the documents and an inability to obtain their contents elsewhere without undue hardship**

Despite the Court's finding that Messrs. Gottlieb's and Ross' notes constitute attorney work product, Defendants could overcome this privilege by demonstrating a substantial need for the documents in question and an inability to obtain their contents elsewhere without undue hardship. See Adlman, 134 F.3d at 1203 (finding that a document is not immune from discovery simply because it is attorney work product; "[r]ather, it means that a document is *eligible* for work-product privilege. The district court can then assess whether the party seeking discovery has made an adequate showing.") (emphasis in original).

Defendants have failed to make such a showing. Defendants' only justification for production of the notes is that they need these documents to impeach Motillal and Peter when they testify. While it is "understandable that [they] seek all possible material that may be of use to impeach [these] important trial witness[es], this desire alone is an insufficient ground for compelled disclosure of this kind of privileged material." See Dessange, 2000 WL 310345 at *3. Moreover, as Messrs. Gottlieb and Ross note in their April 27, 2007, letter, the need for impeachment material is met by the government's compliance with 18 U.S.C. §

5

3500.  See Arias, 373 F. Supp. 2d at 313 ("[Impeachment material] is a significant interest, but it is adequately met by the requirement of 18 U.S.C. § 3500 that the Government turn over all of its records of the witness's statements.  In this case, the Government has represented that it will turn over all notes, as well as any formal reports, of the proffer session.").

It is conceivable that the defense attorneys' notes will contain information not contained in the government's reports.  However, "the possibility of fuller disclosure is outweighed by the risk of invading defense counsel's thoughts and strategies."  Id.  Accordingly, this Court subscribes to the logic and reasoning behind the decisions in Arias and Dessange and holds that an attorney's notes taken during proffer sessions with the government are undiscoverable absent a showing of need than has not been made here.

**Conclusion**

For the reasons set forth above, the motion to quash Defendants' subpoena is GRANTED in its entirety.

SO ORDERED.

Dated: May 31, 2007                                _____/s/_____
       Brooklyn, New York                               Senior U.S.D.J.